The Honorable Lu Hardin State Senator 309 South Vancouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following questions:
 May a state agency, without authorization from the General Assembly, administratively prohibit a county treasurer in the state of Arkansas from commissioning certain funds and, secondly, are funds generated by Acts 10 and 833 of 1991 subject to commission by the office of county treasurer?
I assume, as an initial matter, that these questions pertain to the county treasurers' general authority to receive a commission of two percent (2%) ". . . on all funds coming into their hands as treasurers and to be paid out of the respective funds." A.C.A. § 21-6-302(a) (Cum. Supp. 1991). Your second question also requires consideration, as to Act 10 of 1991, of A.C.A. §6-20-221(a) (Cum. Supp. 1991), which authorizes the county treasurer's commission of two percent (2%) on all school funds paid into his hands, unless otherwise provided by law.
A conclusive answer to your first question cannot be provided without more information regarding the agency and the particular funds involved. If the treasurer is not, as a matter of law, entitled to a commission, the administrative action may be warranted.[1] Any administrative action in this regard would, however, have to be considered in context.
It is my opinion, in response to your second question, that the county treasurer may not charge or collect a commission on the funds generated by Act 10 of 1991, but that the moneys generated under Act 833 are subject to a commission.
Act 10 of 1991, which is codified at A.C.A. §§ 6-5-301—304 (Cum. Supp. 1991), established the Educational Excellence Trust Fund ("Trust Fund"), to consist of any increases enacted in those taxes classified as general revenues in the Revenue Classification Law. See A.C.A. § 6-5-301(a) (Cum. Supp. 1991). I assume that your question pertains to the Trust Fund moneys that are transferred to the Public School Fund, in accordance with § 6-5-302(a). The Public School Fund is apportioned to the counties each year for the support of the public schools. A.C.A. § 6-20-204 (1987). The question therefore arises whether the county treasurer may collect a commission on these particular Public School Fund moneys.
It is my opinion that A.C.A. § 6-20-304 (1987) prohibits a commission on these funds. This Code section states that "[n]o officer, agent, or other person shall charge or collect a commission for handling the funds allocated by the state under the provisions of this subchapter." The reference to "this subchapter" encompasses the School Finance Act of 1984, codified at A.C.A. § 6-20-301 et seq. (1987 and Cum. Supp. 1991).See also A.C.A. § 6-20-221 ("Unless otherwise provided bylaw, the county treasurer shall be allowed a commission of two percent (2%) on all school funds paid into his hands, except on. . . funds on which the law shall not allow commission.") (Emphasis added.) The funds allocated from the Trust Fund for distribution to school districts through Minimum Foundation Program Aid ("MFPA") of the Public School Fund are to be disbursed to the districts based on the formula for distribution of MFPA set out in A.C.A. § 6-20-301 et seq. (the School Finance Act of 1984). See A.C.A. § 6-5-303(b) (Cum. Supp. 1991). Because the funds are therefore allocated under the School Finance Act, Section 6-20-304, supra, will apply to prevent any "officer, agent, or other person" from charging or collecting a commission.
With regard to Act 833 of 1991 (codified, as amended, as A.C.A. §26-57-614 (Adv. Code Serv. 1992-93) and A.C.A. §§ 14-284-401—409 (Cum. Supp. 1991 and Adv. Code Serv. 1992-93)), this act imposes a premium tax on authorized insurers, to be deposited into the Fire Protection Premium Tax Fund to provide additional funding for fire protection services in the state. See A.C.A. §§26-57-614 (Adv. Code Serv. 1992-93 and 14-284-401 (Cum. Supp. 1991). The premium tax moneys are disbursed from the Fire Protection Premium Tax Fund by the Department of Finance and Administration ("DFA") to the counties in certain percentages.See A.C.A. § 14-284-403 (Adv. Code Serv. 1992-93). The moneys are apportioned by the quorum court to the districts and municipalities (id. at subsection (a)(2)), disbursements are to be made on forms prescribed by DFA (id. at subsection (b)), and the quorum court must file reports with the State Auditor and DFA stating how the funds were expended. A.C.A. §14-284-405(c)(2) (Adv. Code Serv. 1992-93). No rural volunteer fire department or district may receive funds unless the quorum court and the district board of commissioners designate a county fire service coordinator who is responsible for seeing that standard guidelines are followed. Id. at subsection (a). Written proposals for use of the funds must also be approved by the quorum court and the Arkansas Fire Protection Services Board.
It may reasonably be concluded that these funds fall within §21-6-302(a) (Cum. Supp. 1991), which allows a two percent county treasurers' commission on ". . . all funds coming in their hands as treasurers and to be paid out of the respective funds." The county treasurers presumably maintain separate funds accounts from which these moneys are disbursed in accordance with directives of the quorum court. Thus, the treasurers are the disbursing officers of these funds which "[come] into their hands as treasurers . . . to be paid out of the respective funds." A.C.A. § 21-6-302(a). The funds clearly do not fall within any of the exceptions in § 21-6-302(b).[2] It is therefore my opinion that the treasurers may collect a two percent commission on these funds.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 21-6-302(a) states: "Unless otherwise provided bylaw, the county treasurer shall be allowed, as fees, two percent (2%) on all funds coming into their hands as treasurers and to be paid out of the respective funds." (Emphasis added.)
[2] Subsection (b) of § 21-6-302 (Cum. Supp. 1991) states that the treasurer shall receive no commission ". . . for the handling of revolving loan, equalizing, and vocational education funds, proceeds of bond sales, money collected from insurance on losses, and all nonrevenue receipts." "Nonrevenue receipts" is defined as "reimbursement of all or part of a payment made by the county."Id.